IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CORIZON HEALTH, INC., | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN T. WHITEHEAD, | : | No. 17-1807 |
|     Defendant. | : | |

## MEMORANDUM

**Schiller, J.**                                                                                              October 26, 2017

      According to Corizon Health, Inc., it overpaid one of its nurses, John Whitehead, to the sum of close to $30,000. Corizon sued Whitehead in state court, alleging a claim for breach of contract and a claim for unjust enrichment and seeking reimbursement for the alleged overpayment. Whitehead removed the case to this Court. He argues that this Court has subject matter jurisdiction because Corizon's claims are preempted by federal law and therefore the Corizon complaint includes a federal question. Presently before the Court is Whitehead's motion to dismiss Corizon's complaint as well as Corizon's motion to remand. For the reasons that follow, the Court grants the motion to remand and denies as moot the motion to dismiss.

## I.    BACKGROUND

      John Whitehead is a nurse who had worked for Corizon Health in the City of Philadelphia Correctional facilities. (Compl. ¶ 5.) Whitehead worked for Corizon from August 1, 2013 through June 1, 2015. (*Id.* ¶ 11.) According to Corizon, "[d]uring that timeframe, Corizon Health mistakenly paid [Whitehead] time and one-half (1½) his regular hourly rate of pay, including shift differentials, for hours that the terms and conditions of employment provided were straight time hours." (*Id.* ¶ 12.)

Whitehead worked a modified weekend schedule of two sixteen hour shifts on Saturday and Sunday and was paid for thirty-six hours at a straight time rate, including differentials. (*Id*. ¶ 13.) Corizon also claims that it mistakenly paid Whitehead time and one-half his regular rate of pay for hours worked that did not require payment of the increased rate. (*Id*. ¶ 14.) The Complaint then details the specific overpayments made during the course of Whitehead's employment. (*Id*. ¶¶ 15–97.) The overpayments totaled $28,710.62. (*Id*. ¶ 98.) When confronted with the overpayments, Whitehead denied any knowledge. (*Id*. ¶¶ 99–101.) Corizon disputes Whitehead's ignorance. (*Id*. ¶¶ 105–13.) Although the terms and conditions of Whitehead's employment required that he inform Corizon of any overpayments, he failed to do so. (*Id*. ¶¶ 114–15.) Whitehead refuses to return the overpayments. (*Id*. ¶ 117.)

Corizon sued Whitehead for breach of contract and unjust enrichment, alleging that the terms and conditions of Whitehead's employment only allowed him overtime pay for hours worked in excess of forty per week. (*Id*. ¶¶ 119–131.)

On April 20, 2017, Whitehead removed this litigation from the Philadelphia Court of Common Pleas. In the notice of removal, Whitehead claims that prior to reaching an agreement about the overpayments, Corizon fired Whitehead, "in violation of the National Labor Relations Act." Whitehead then grieved the firing as lacking just cause under the collective bargaining agreement. Whitehead argues that Corizon's claim for overpayment arises under the National Labor Relations Act, 29 U.S.C. § 185, which allows for violations of a collective bargaining agreement to be brought "in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

On April 27, 2017, Whitehead filed a motion to dismiss for failure to state a claim.

Whitehead claims that Corizon's breach of contract and unjust enrichment claims are preempted by federal law. (Mem. of Law in Supp. of Def. John Whitehead's Mot. to Dismiss [Whitehead Mem.] at 5–9.) Specifically, Whitehead asserts that Corizon's claim cannot be adjudicated without interpretation of the collective bargaining agreement, and therefore the claim is one arising under the Labor Management Relations Act, which thus preempts Corizon's state law claims. (*Id.*)

On May 19, 2017, Corizon filed a motion to remand. Corizon contends that this Court must remand because it lacks subject matter jurisdiction. According to Corizon, its state law claims are not preempted because the resolution of its claim does not require interpretation of the collective bargaining agreement.

## II. DISCUSSION

Corizon brought state law claims against Whitehead. Whitehead contends, however, that federal question jurisdiction exists because Corizon's state law claims are preempted by the Labor Management Relations Act ("LMRA"). The Court disagrees that the particular claims raised by Corizon are preempted by federal law.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In order to hear a case, the court must have both personal jurisdiction over all parties and subject matter jurisdiction over the litigation. Parties may neither waive subject matter jurisdiction nor may they confer it upon the court by consent. *United Indus. Workers v. Gov't of V.I.*, 987 F.2d 162, 168 (3d Cir. 1993).

The law grants subject matter jurisdiction to the federal district courts over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Moreover,

a defendant may remove a civil action that could have originally been brought by the plaintiff in federal court. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ."). Here, this Court has subject matter jurisdiction—and therefore Defendant can remove—only if Plaintiff's complaint presents a federal question. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

It is the defendant's burden to show the existence of federal jurisdiction. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1939); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). In considering whether to remand, "[b]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1995). If there is any doubt as to the propriety of removal, that case should not be removed to federal court. *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996) (citing *Boyer*, 913 F.2d at 111; *Abels*, 770 F.2d at 29).

When the basis of removal is federal question jurisdiction, the propriety of the removal rests on whether plaintiff's well-pleaded complaint raises claims that arise under federal law. *Caterpillar*, 482 U.S. at 392. In those instances where federal law creates the cause of action, subject matter jurisdiction is undeniable. In cases where state law creates the cause of action, however, a case may only arise under federal law if the well-pleaded complaint demonstrates that the right to relief "necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 28 (1983); *see also Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). If it appears that this Court lacks subject matter jurisdiction,

4

the appropriate course of action is to remand the matter to the state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

A plaintiff may avoid federal jurisdiction by pleading claims that rely exclusively on state law. *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 228 (3d Cir. 1995). However, there are areas of federal law "so powerful as to displace entirely any state cause of action." *Franchise Tax Bd.*, 463 U.S. at 23. Those areas completely preempt an area of state law such that "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393.

The LMRA is an area of law that completely preempts state law. The LMRA states that lawsuits for violations of contracts between an employer and a union "may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). This statute "authorizes federal courts to fashion a body of federal law for the enforcement of these collective bargaining agreements." *Textile Workers Union of Am. v. Lincoln Mills*, 353 U.S. 448, 450–51 (1957). Accordingly, "the preemptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Franchise Tax Bd.*, 463 U.S. at 23.

Clearly, Corizon's request for a refund from a union employee raises the possibility of preemption. But to determine whether the request is actually preempted, the Court must decide whether the state law claim is: (1) founded directly on rights erected by collective-bargaining agreements; or (2) substantially dependent on analysis of a collective bargaining agreement. *See*

5

*Caterpillar*, 482 U.S. at 395; *see also Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210–11 (1985). A state law claim is independent—and thus not preempted—if the claim can be resolved without interpreting the collective bargaining agreement itself. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 409–10 (1988).

Whitehead cannot point to any terms of the collective bargaining agreement that will specifically require interpretation as a result of Corizon's lawsuit. At most, Whitehead claims that there are a number of payment codes that will need to be examined and that Corizon maintained a complicated pay structure. (Whitehead Mem. at 8.) The Court is not persuaded by this argument. Corizon's state law claims have not alleged a violation of the collective bargaining agreement, and it is not clear that Corizon's claims will require review of the collective bargaining agreement, let alone interpretation of it. *See Castillo v. Long Beach Mem'l Med. Ctr.*, 132 F. Supp. 3d 1194, 1198 (C.D. Cal. 2015) ("Mere references to a CBA in a defense to a state law claim do not result in preemption of state law claims."). Here, the state court may need nothing more than a calculator to adjudicate the claims. Whitehead's termination is not at issue in this litigation, and the collective bargaining agreement appears silent on how to handle overpayments.

Whitehead cites to Article 35 of the collective bargaining agreement to support his position. (Whitehead's Mem. of Law in Opp'n to Corizon's Cross Mot. to Remand at 7–8.) This provision, however, merely sets forth the grievance procedure to be employed in the event of a dispute between the parties under the collective bargaining agreement. This is not what is occurring here. Corizon has brought state law claims arising out of purported wage overpayments, an area not covered by the collective bargaining agreement. Moreover, if Whitehead could just point to the grievance procedures outlined in the collective bargaining agreement as a basis for preemption, it would be

difficult to imagine what claims would not be preempted by federal law. The Court declines to take such an expansive view of its jurisdiction here.

Because the Court concludes that Corizon's claims against Whitehead are "independent of a collective bargaining agreement," the claims are not removable. *See Antol v. Esposto*, 100 F.3d 1111, 1117 (3d Cir. 1996).

### III. CONCLUSION

Corizon brought state law claims against Whitehead. An interpretation of the collective bargaining agreement is not necessary to decide Corizon's claim and therefore the state law claims are not preempted. This Court does not have subject matter jurisdiction, and the motion to remand is granted. An Order consistent with this Memorandum will be docketed separately.